54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Eric GUIMOND, Defendant-Appellant.
 No. 95-5476.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1995.
 
 Before: CONTIE, MILBURN, and SILER, Circuit Judges.
 
 OPINION
 
 1
 The defendant appeals the district court's order revoking his pretrial bond and ordering his continued detention pending trial. Before the court are the appellate briefs of both the defendant and the government. The panel is in unanimous agreement that oral argument is not needed in this appeal. Fed. R. App. P. 34(a); Sixth Circuit Rule 9(b).
 
 
 2
 According to the provisions of 18 U.S.C. Sec. 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. Sec. 3142(g) and include: the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger posed by the defendant's release. Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. Sec. 801 et seq. 18 U.S.C. Sec. 3142(e). Such a presumption is present in this case.
 
 
 3
 The defendant presented the testimony of his brother and argues that this evidence of strong family ties, combined with the absence of a prior criminal history, rebuts the presumption that no set of circumstances would assure his presence. Although the magistrate judge initially set a bond and terms of release, the district court judge concluded that nothing would reasonably assure the defendant's appearance if released pending trial given the absence of immediate supervision. Upon review of the materials presented, we conclude that the district court did not err in this conclusion.
 
 
 4
 Therefore, the decision of the district court ordering detention pending trial is AFFIRMED.